UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS E. SHANIUK,<br><br>              Plaintiff,<br><br>     v.<br><br>DIANE B. LINK, LOS ANGELES<br>COUNTY PUBLIC DEFENDER, et al.,<br><br>              Defendants. | 1:06cv1562 AWI DLB<br><br>FINDINGS AND RECOMMENDATION<br>REGARDING DISMISSAL OF ACTION |

Plaintiff Douglas E. Shaniuk ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed his complaint on November 3, 2006, and names Los Angeles County Public Defender Diane B. Link, Ohio State Appointed Attorney John P. Luskin and Los Angeles Deputy District Attorney Teresa T. Sullivan (collectively "Defendants"). He alleges that each Defendant was involved in the incorrect characterization of an Ohio offense as a strike under California's Three Strikes Law.

DISCUSSION

A.    Screening Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

1

that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

B.   Failure to State a Claim

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

C.   Plaintiff's Allegations

Plaintiff alleges that he was represented by Defendant Link during a 2004 criminal matter in Los Angeles Superior Court.  Plaintiff entered into a plea bargain and agreed to a sentence of 16 months, which was doubled to 32 months under California's Three Strikes Law.  Plaintiff contends, however, that Defendant Link misled and coerced Plaintiff into confessing by incorrectly telling him that an Ohio offense qualified as a strike.  Defendant Sullivan alleged the strike in Plaintiff's charging papers.

Plaintiff alleges that the offense in Ohio should not have been a strike under California law.  He states that he wrote his Ohio attorney, Defendant Luskin, a letter explaining the situation.  Defendant Luskin did not respond and sent Defendant Link three charges and indictments from Ohio without Plaintiff's knowledge or consent.  Defendant Link failed to investigate the facts and elements of Plaintiff's Ohio offenses and instead concluded that Plaintiff had an automatic strike.

Plaintiff alleges that both Defendant Link and Defendant Sullivan knew that the Ohio charge had been dismissed. He alleges that they coerced Plaintiff into confessing and misled the Court as to the Ohio offenses.

Plaintiff requests $75,000 in punitive damages and $25,000 in compensatory damages from each Defendant.

D.      Analysis

    1.      Defendants Link and Luskin

Defendant Link is a public defender who represented Plaintiff in the California action. Defendant Luskin is also a public defender, and represented Plaintiff in his Ohio action.

To state a claim under section 1983, a plaintiff must plead (1) that the defendant acted under color of state law and (2) that the defendant deprived him of rights secured by the Constitution or federal statutes. Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986). When public defenders are acting in their role as advocate, i.e., in their general representation of a criminal defendant, they are not acting under color of state law for section 1983 purposes. See Georgia v. McCollum, 505 U.S. 42, 53 (1992).

Accordingly, as Plaintiff's allegations against Defendant Link and Defendant Luskin arise from their role as his advocate, Plaintiff fails to state a cognizable claim for relief under section 1983 against these Defendants.

    2.      Defendant Sullivan

Plaintiff also names Los Angeles Deputy District Attorney Teresa Sullivan as a Defendant. However, prosecutors are absolutely immune from civil suits for damages under section 1983 which challenge activities related to the initiation and presentation of criminal prosecutions. Imbler v. Pachtman, 424 U.S. 409 (1976). Prosecutorial immunity applies when the eligible government officials are performing functions "intimately associated with the judicial phase of the criminal process." Imbler, 424 U.S. at 430. Prosecutorial immunity does not extend to those actions of a prosecutor which are "administrative" or "investigative" in nature. See Buckley v. Fitzsimmons, 509 U.S. 259, 271-73 (1993).

1    Plaintiff's allegations against Defendant Sullivan arise from her performance of functions "intimately associated with the judicial phase of the criminal process" and she is therefore absolutely immune from prosecution.

Dismissal of a pro se complaint for failure to state a claim is proper where it is obvious that the plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile. See Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc). Based on the facts alleged, Plaintiff cannot prevail on a Section 1983 claim and it appears granting leave to amend the complaint would be futile.[1] Accordingly, the Court recommends that the complaint be dismissed WITHOUT LEAVE TO AMEND for failure to state a claim.

## RECOMMENDATION

These Findings and Recommendation are submitted to the Honorable Anthony W. Ishii, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 9, 2006**          /s/ **Dennis L. Beck**
3b142a                                          UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff is advised that if he wishes to challenge his conviction or sentence on the basis of ineffective assistance of counsel, he should file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

4